ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, AS INDENTURE TRUSTEE, FOR THE CSM1\|C 2015-PR1 TRUST, MORTGAGE BACKED NOTES, SERIES 2015-PR1**<br><br>Apelantes<br><br>v.<br><br>**AGUSTIN RAFAEL GARCIA MARTE a/k/a AGUSTIN GARCIA MARTE por si y en Rep de la Soc Legal de Gananciales Comp con MARIA DE LOS ANGELES ANDUJAR IRIZARRY y OTROS**<br><br>Apelados | KLAN202300801 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2022CV00802**<br><br>Sobre: Ejecución de Hipoteca: Propiedad Residencial |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante nos Wilmington Savings Fund Society, FSB, D/B/A/ Christiana Trust, As Indenture Trustee, For The CSMC 2015-PR1 Trust, Mortgage Backed Notes, Series 2015-PR1 (Wilmington o apelante), y solicita que revisemos la *Resolución* que emitió el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, el 31 de julio de 2023. Por virtud del dictamen apelado, el foro *a quo:* (1) declaró *No Ha Lugar* la Moción en Solicitud de Orden instada por la apelante y (2) dejó sin efecto la sentencia parcial dictada en octubre de 2022, por defectos en el diligenciamiento del emplazamiento. Además, desestimó la demanda de referencia por estar fuera del término para emplazar.

Número Identificador
SEN2023 _____

Por los fundamentos que expondremos a continuación, se confirma el pronunciamiento apelado.

**I**

Según surge del expediente, el 25 de febrero de 2022, Wilmington presentó una demanda por cobro de dinero y ejecución de hipoteca en contra de Agustín Rafael García Marte t/c/c Agustín García Marte, María De los Ángeles Andújar Irizarry t/c/c María Andújar Irizarry y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, matrimonio García-Andújar). Wilmington alegó que el matrimonio demandado le adeudaba $74,029.27 por concepto de principal, más intereses al tipo pactado de 7.875% anual desde el 1 de julio de 2018, hasta su completo pago, más cualesquiera sumas de dinero por concepto de primas de seguro hipotecario y riesgo, contribuciones sobre la propiedad inmueble, recargos por demora, así como cualesquiera otras cantidades adicionales pactadas en la escritura de primera hipoteca desde la fecha antes mencionada, y hasta el total pago de las mismas, más la cantidad de $21,100.00 para costas, gastos y honorarios de abogados.

Wilmington solicitó al Tribunal emplazar por edicto al matrimonio García-Andújar, por no poder localizarlos, lo cual fue posteriormente autorizado. El 16 de mayo de 2022, el emplazamiento por edicto fue expedido y el 23 de mayo de 2022 se publicó el en el periódico El Nuevo Día. Ese mismo día se le envió al matrimonio García-Andújar, por correo certificado, copia de la demanda y del emplazamiento por edicto publicado en cuanto a estos a su última dirección conocida. Wilmington envió dos (2) sobres, uno dirigido a: **Agustín Rafael García Marte y María De Los Ángeles Andújar Irizarry a Urb. Camino del Mar 5018 Vía Cangrejos St. Toa Baja, PR  00949** y el otro dirigido a: **Agustín**

**Rafael García Marte y María De Los Ángeles Andújar Irizarry a 4215 Willapa Way FT Wayne, IN 46845**.[1]

El 24 de junio de 2022, Wilmington requirió la anotación de rebeldía del matrimonio García-Andújar, debido a la falta de comparecencia. El 11 de octubre de 2022, el TPI anotó la rebeldía solicitada, a tenor con la Regla 45.1 de Procedimiento Civil y dictó *Sentencia* a favor de Wilmington.

El 1 de noviembre de 2022, Wilmington incoó *Moción Asumiendo Representación Legal, Solicitud Para Dejar sin Efecto Sentencia y Paralización de los Procedimientos* hasta el 22 de diciembre de 2022 debido al paso del huracán Fiona por Puerto Rico. El 10 de noviembre de 2022, el TPI dictó una *Orden* mediante la cual dispuso: *¨Ha lugar la representación legal anunciada y se tiene por desistida ejecución de la sentencia emitida¨*. Wilmington anunció nueva representación legal el 19 de diciembre de 2022.

El 28 de julio de 2023, la nueva representación legal de Wilmington presentó *Moción en Solicitud de Orden*, mediante la cual solicitó al Tribunal que ejerciera su discreción para permitir una enmienda al emplazamiento y repetir su diligenciamiento con la referencia específica a la Sociedad Legal de Bienes Gananciales en la notificación. Wilmington explicó en la mencionada moción que, en el proceso de preparar su solicitud para dictar nueva sentencia en rebeldía, se percató que los sobres con los que se notificó la demanda y el emplazamiento por edicto a la parte demandada no hicieron referencia separada a la Sociedad Legal de Bienes Gananciales compuesta por Agustín Rafael García Marte t/c/c Agustín García Marte, María De los Ángeles Andújar Irizarry t/c/c María Andújar Irizarry. Añadió que no surgía una notificación separada dirigida a la Sociedad Legal de Bienes Gananciales,

---

[1] Véase, recibos del correo certificado, apéndice del recurso, págs. 141-142.

aunque estos sobres fueron enviados a la misma dirección de los demandados, según se desprende de los recibos emitidos por el correo certificado. Wilmington argumentó que ello cumplía con el requisito de notificación oportuna a los miembros y representantes de dicha sociedad.

Examinada la moción presentada por Wilmington, por medio de una *Resolución* notificada el 31 de julio de 2023, el TPI determinó declararla *No Ha Lugar*. El foro primario dejó sin efecto la sentencia dictada a favor de Wilmington por defectos en el diligenciamiento del emplazamiento. A su vez ordenó la desestimación del presente asunto por estar fuera de término para emplazar.

En desacuerdo, el 11 de agosto de 2023, Wilmington instó una *Moción de Reconsideración*. En su escrito, expuso que no procedía la desestimación por un mero error en la notificación del emplazamiento y que el TPI tenía discreción para autorizar que el mismo se corrigiera y diligenciara nuevamente, siempre y cuando se hubiera realizado el emplazamiento dentro de los 120 días que establecen las Reglas de Procedimiento Civil. Lo anterior, fundamentado en su interpretación de lo dispuesto por el Tribunal Supremo de Puerto Rico *Caribbean Orthopedics Products of Puerto Rico v. Medshape, Inc.,* infra. Analizado el escrito, el 14 de agosto de 2023, el TPI emitió una *Orden* en la cual declaró *No Ha Lugar* el petitorio de Wilmington.

Aun inconforme, Wilmington acude ante este Tribunal de Apelaciones. Mediante su recurso, alegó que el foro primario cometió el siguiente error:

> Erró el TPI al denegar la solicitud de autorización de la parte demandante para corregir un error en el emplazamiento y al ordenar la desestimación de la demanda por supuesto incumplimiento con el término para emplazar.

El 20 de septiembre de 2023, mediante *Resolución,* concedimos a la parte apelada 20 días para presentar su alegato.

Transcurrido en exceso el término concedido sin que esta presentara escrito alguno, procedemos a resolver sin el beneficio de su comparecencia.

## II

Como se sabe, el emplazamiento es parte esencial del debido proceso de ley, pues tiene como propósito notificarle, de forma sucinta y sencilla, a la parte demandada que existe una reclamación en su contra. De esta manera se le garantiza su derecho a comparecer al juicio, ser oído y defenderse. Además, por medio de este mecanismo procesal es que el Tribunal adquiere jurisdicción sobre la persona del demandado de forma tal que este quede obligado por el dictamen que en su día se emita. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 30 (2014); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005). Nuestras Reglas de Procedimiento Civil establecen dos (2) maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020).

Es norma reiterada de derecho que el diligenciamiento personal del emplazamiento constituye el método idóneo para adquirir jurisdicción. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994 (2021). Sin embargo, a manera de excepción y en circunstancias específicas, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V., R. 4.6, permite el emplazamiento por edicto. *Banco Popular v. S.L.G. Negrón*, supra, a la pág. 865. En lo pertinente, la Regla 4.6 de Procedimiento Civil, *supra*, dispone, "que se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, [...] al lugar de su última dirección física o postal conocida". *Caribbean Orthopedics v. Medshape et al.*, supra, a la págs. 1008-1009.

Expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). Este término para emplazar es improrrogable. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 639 (2018). En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio del caso ante su consideración. *Íd.*

Por otro lado, la Sociedad Legal de Bienes Gananciales es el régimen económico que habitualmente regula la institución del matrimonio en Puerto Rico. Bajo este régimen, los cónyuges figuran como codueños y administradores de todo el patrimonio matrimonial sin adscribírsele cuotas específicas a cada uno. Por su naturaleza, la Sociedad Legal de Bienes Gananciales se trata de una entidad con personalidad jurídica propia y separada de los dos miembros que la componen. La misma no absorbe la personalidad individual de los cónyuges que la integran. *Torres Zayas v. Montano Gómez et als*, 199 DPR 458, 465-466 (2017).

En cuanto al emplazamiento de la Sociedad Legal de Bienes Gananciales, el Tribunal Supremo expresó que la mejor práctica es incluyendo a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales; ello como medida cautelar ante la eventualidad de que surgiera un conflicto de intereses. *Torres Zayas v. Montano Gómez et als*, supra, pág. 469.

La Regla 4.4 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.4, dispone en lo pertinente que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará

constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente.

[...]

(e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos. **A la Sociedad Legal de Gananciales se emplazará entregando copia del emplazamiento y de la demanda a ambos cónyuges.** (Énfasis nuestro).

Al emplazar a una parte mediante la publicación de un edicto, este debe contener, en lo pertinente, la siguiente información para que sea eficaz: (1) Título-Emplazamiento por Edicto; (2) Sala del Tribunal de Primera Instancia; (3) Número del caso; (4) Nombre de la parte demandante; (5) Nombre de la parte demandada a emplazarse; (6) Naturaleza del pleito; (7) Nombre, dirección y de teléfono del abogado o abogada de la parte demandante; (8) Nombre de la persona que expidió el edicto; (9) Fecha de expedición; (10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. [...] Regla 4.6(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6 (b).

El Tribunal Supremo de Puerto Rico ha sido enfático en expresar, sin dejar margen para una interpretación distinta, que, cuando se vaya a demandar a la Sociedad Legal de Bienes Gananciales, se deberá haber diligenciando el emplazamiento a ambos cónyuges, por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos. Esta regla es taxativa. *Íd.,* citando a J. Echevarría Vargas, *Procedimiento Civil*

*Puertorriqueño*, 2012, pág. 56. En ese sentido, la práctica a seguir para un correcto emplazamiento de la Sociedad Legal de Bienes Gananciales es que, mediante dos emplazamientos, se emplace individualmente a cada uno de los cónyuges por sí y en representación de la Sociedad Legal de Bienes Gananciales que éstos constituyen. Siendo ello así, basta con expedir un emplazamiento para "(nombre del cónyuge A), por sí y en representación de la Sociedad Legal de Bienes Gananciales", y uno para "(nombre del cónyuge B), por sí y en representación de la Sociedad Legal de Bienes Gananciales". Véase, nota al calce número 5 en *Torres Zayas v. Montano Gómez et als*, supra, pág. 471.

De otro lado, la Regla 4.8 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.8, dispone cuándo procede una enmienda al emplazamiento.

> En cualquier momento, a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento.

A tenor con lo anterior, en *Caribbean Orthopedics v. Medshape et al.,* supra, pág. 1013, el Tribunal Supremo de Puerto Rico expuso que, lo determinante a la hora de autorizar una enmienda al emplazamiento es que la parte a quien se dirige el emplazamiento sea realmente notificada de la reclamación en su contra y haya respondido a la reclamación. Ello, con el propósito de que no se perjudiquen sustancialmente los derechos esenciales de la parte demandada.

### III.

En el presente recurso, el apelante alega que erró el foro *a quo* al denegar la solicitud de autorización para corregir el emplazamiento y al ordenar la desestimación de la demanda por incumplimiento con el término para emplazar al matrimonio García-

Andújar. Aduce que cumplió con el término de emplazar mediante edicto. Acepta que cometió un error al no incluir en el edicto publicado la frase "por sí y en representación de la Sociedad Legal de Bienes Gananciales", o, en su defecto, no haber enviado una notificación separada por correo dirigida a la Sociedad Legal de Bienes Gananciales. Sin embargo, arguye que dicho error era susceptible de ser enmendado y repetir el emplazamiento en cuestión, por no perjudicar en forma alguna los derechos esenciales del matrimonio García-Andújar.

Del expediente se desprende que el apelante diligenció el emplazamiento mediante edicto, pero en este no se incluyó la frase "por sí y en representación de la Sociedad Legal de Bienes Gananciales que estos constituyen". Tampoco se envió una notificación separada por correo dirigida a la Sociedad Legal de Bienes Gananciales. Así, quedaron emplazados los componentes del matrimonio García-Andújar dentro de término aplicable de 120 días.

Ahora bien, ante este cuadro fáctico, es necesario plantearnos si la referida omisión es susceptible de enmienda como lo plantea Wilmington al citar a *Caribbean Orthopedics v. Medshape, Inc., et al.,* supra, o, por el contrario, ello privó al TPI de jurisdicción por no haber emplazado oportunamente a la Sociedad Legal de Bienes Gananciales.

Analizado el expediente, determinamos que el TPI actuó conforme a derecho al emitir su dictamen. Aunque reconocemos que la autorización de enmendar el emplazamiento por edicto está dentro del ejercicio de la discreción que ostenta el Tribunal, en este caso es claro que la Sociedad Legal de Bienes Gananciales nunca se emplazó dentro de los 120 días requerido para ello. Según expuesto, cuando transcurra el referido término y no se diligencie el emplazamiento de una parte, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio del caso ante su

consideración. *Bernier González v. Rodríguez Becerra,* supra. Por tanto, en el caso de autos el TPI estaba impedido de autorizar la enmienda solicitada por el apelante.

**IV**

Por los fundamentos antes expuestos, se confirma la *Resolución* impugnada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

El Juez Rodríguez Flores disiente, con la siguiente expresión: Muy respetuosamente, difiero del dictamen mayoritario. En el caso que nos ocupa, la demanda, los emplazamientos y los edictos, siempre mencionaron los nombres de los dos demandados y la sociedad legal de gananciales. Por otro lado, la solicitud de enmienda al emplazamiento fue realizada dentro del término original de 120 días. Resaltamos que donde único no apareció la frase "sociedad legal de gananciales" fue en el destinatario de los sobres enviados a dos direcciones postales de los demandados.

Estando los demandados en rebeldía y no existiendo perjuicio alguno, entiendo que procedía la autorización de enmienda conforme la Regla 4.8 de Procedimiento Civil de 2009.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones